UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LILIA PARAKA

                         Plaintiff,

                                                              <u>DECISION AND ORDER</u>

                                                              13-CV-6483L

                        v.

UNIVERSITY OF ROCHESTER, SCHOOL OF NURSING,
SUPERVISOR TAMMY TERRANA, Individually,

                         Defendants.
_____

Plaintiff Lilia Paraka brings this action against her former employer, the University of Rochester ("University"), and her former supervisor, Tammy Terrana, alleging that she was terminated from her employment based on her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the New York State Human Rights Law ("HRL"), N.Y. Exec. Law § 290 *et seq.* Defendants have moved for summary judgment dismissing plaintiff's claims. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

**BACKGROUND**

Plaintiff, who was born in 1955, began working for the University in 1990 as a receptionist. Def. Statement of Facts ("DSOF") (Dkt. #38-1) ¶ 1.[1] Over the following years, she held a variety of jobs within the University, and in 2011 she applied for an administrative position in the School of Nursing. DSOF ¶ 2.

---

[1] Unless otherwise noted, references to the defendants' statement of facts are to facts not disputed by plaintiff, as set forth in her response to defendant's statement of facts (Dkt. #42-1).

Plaintiff was interviewed for the position by defendant Tammy Terrana, who at the time held the title of Senior Financial Analyst at the School of Nursing, and by Terrana's supervisor, Kelly Talarczyk, who was Director of Budget and Finance. DSOF ¶ 2. Like plaintiff, both Terrana and Talaczyk were themselves over the age of forty at the time. DSOF ¶ 4. Plaintiff was offered the job, and began working in her new position on September 1, 2011. DSOF ¶ 2.

In confirmation of her job offer, plaintiff was sent a letter, which she signed, setting forth some of the details of her new job. The letter specified her start date, as well as an "introductory period" of one year, and the at-will nature of her employment. Dkt. #38-6 at 8.

The gist of what happened thereafter is relatively straightforward. Plaintiff's position required certain computer skills, and according to defendants, plaintiff began showing some deficiencies in that area. Defendants contend that as the months went on, plaintiff showed no significant improvement. Plaintiff has admitted the truth of defendants' assertion that she was offered, and accepted, some assistance, but that "significant deficiencies" in her work performance remained, a full year after she began work at her administrative position. *See* Plaintiff's Response to DSOF ("PSOF") (Dkt. #42-12) ¶¶ 15, 16.

Plaintiff has further admitted that "[b]y mid-September [2012], it was clear that Plaintiffs [sic] performance had not improved sufficiently to avoid termination at the end of the introductory [one-year] probationary period." PSOF ¶ 22. Plaintiff may subjectively believe that her termination was unjustified or unwise, but that is not enough to give rise to a factual issue concerning whether discrimination was a motivating factor in her termination. *See McPherson v. New York City Dept. of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, ... we are decidedly not interested in the truth of the [employer's] allegations against plaintiff. We are interested in what '*motivated* the employer'") (quoting *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983); *Foster v. Humane Society of Rochester and Monroe County, Inc.*, 724 F.Supp.2d 382, 393 (W.D.N.Y. 2010) ("Title VII only prohibits discrimination on the basis of certain, invidious factors. Employers are free to terminate at-will employees for any other

reason–however unfair, unwise, or even erroneous–so long as it is not unlawful") (quoting *Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1153 (10th Cir. 2008)).

Plaintiff has also admitted that in mid-September, she met with Renuka Singh, the Associate Dean of the School of Nursing, and with a University Human Resources representative, Amy Marra, to discuss plaintiff's options for ending her employment at the School of Nursing, including whether she might be able to find other employment within the University. PSOF ¶¶ 22, 23. It is undisputed, then, that defendants took steps to help "soften the blow" of plaintiff's imminent termination from the School of Nursing.[2]

Plaintiff was advised that she would not be allowed to continue working at her position. On September 24, 2012, plaintiff went out on short-term disability leave. DSOF ¶ 26. When that expired, plaintiff was terminated effective November 1, 2012. Complaint ¶ 12; DSOF ¶ 27.

On or about December 1, 2012, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been terminated on account of her age. DSOF ¶ 29. Prior to her termination, plaintiff had spoken with Amy Marra concerning some of the difficulties she had been having, but at no time did plaintiff state to Marra that she believed her age was a factor, relative to those difficulties. DSOF ¶¶ 16, 17. Plaintiff also could have, but did not, file a complaint of age discrimination under the University's internal procedures. DSOF ¶¶ 19, 20.

The EEOC dismissed plaintiff's administrative charge, and issued a right-to-sue letter, on July 30, 2013. Plaintiff filed her complaint in this action on September 6, 2013, asserting parallel claims under the ADEA and the HRL.

---

[2] In response to defendants' assertion that she met with Dean Singh on September 20 "to discuss options for ending her employment," plaintiff states that she "controvert[s] ... the use of the phrase 'discuss options,' stating that she "was *advised* of certain possibilities or choices, [but] there were no 'options.'" PSOF ¶ 23 (emphasis in original). In the context of the record, I see no substantive, material difference between discussing "options," "possibilities," and "choices."

**DISCUSSION**

**I. Summary Judgment in Age Discrimination Cases**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, "the salutary purposes of summary judgment–avoiding protracted, expensive and harassing trials–apply no less to discrimination cases than to ... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

Plaintiff's claims of employment discrimination on account of her age are subject to the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of unlawful discrimination by demonstrating: (1) that she was over 40 years old at the time of the relevant events; (2) that she was performing her job satisfactorily; (3) her termination; and (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002).

Once plaintiff has established a prima facie case, the burden shifts to defendants to articulate a legitimate, nondiscriminatory reason for her termination. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to plaintiff to present evidence that the legitimate, nondiscriminatory reason offered by defendants is a pretext for discrimination. *See St. Mary's Honor Center*, 509 U.S. 502, 508 (1993).

**II. Application to this Case**

Applying these standards here, I conclude that defendants are entitled to summary judgment. In fact, given the rather remarkable concessions that plaintiff has made, little need even be said about her claims.

As outlined above, plaintiff has essentially admitted that her work performance was inadequate, and that defendants had a legitimate, non-discriminatory reason for firing her. She also admits that she did not avail herself of the University's internal grievance procedure, and that she did not complain to Human Resources about perceived age discrimination.

In the complaint, plaintiff does allege that no similarly situated, younger employee was subjected to the kind of criticism and "belittl[ing]" that she was. Complaint ¶¶ 26, 27. She does not allege, though, that there *were* any similarly situated, younger employees in her department. In particular, she has not submitted any evidence that there were any younger employees in a comparable job, with a comparable lack of computer skills, who were treated more favorably than plaintiff.

Plaintiff has also alleged in the complaint that she complained to Renuka Singh that "Terrana was singling her out as the eldest employee in the Finance Group," and that plaintiff "believed she was subject to discrimination on the basis of age." Complaint ¶¶ 28, 44. But in response to defendants' summary judgment motion, plaintiff has submitted no evidence to substantiate those allegations. Her own declaration (Dkt. #42-3) makes no mention of any complaints of age discrimination.

As the Supreme Court has stated, a "party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)). Under this rule, "the party opposing the motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). *See also*

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("a party may not rest on the bare allegations of a pleading to defeat a properly submitted motion for summary judgment"); *Houston v. Zen Zen*, 388 F.Supp.2d 172, 175 (W.D.N.Y. 2005) (plaintiff's reliance on allegations of his complaint was not sufficient to defeat defendants' motion for summary judgment).

Plaintiff's declaration does allege several instances of perceived discriminatory animus, but even viewed collectively they are insufficient to defeat defendants' motion. She alleges that on one occasion, Terrana "compared [plaintiff] to [Terrana's] seven year old son, claiming he was smarter than [plaintiff] was." Terrana allegedly sometimes remarked, when referring to the quality of plaintiff's work, "At your age you should know better." And Terrana would sometimes say to plaintiff, when plaintiff's husband arrived to pick her up from work, "Ms. Daisy, your ride is here," an apparent reference to the movie *Driving Miss Daisy*.[3]

The law is clear that a supervisor's "stray remarks" unrelated to the adverse employment action at issue will not give rise to a genuine issue of material fact sufficient to defeat a motion for summary judgment. *See*, *e.g.*, *Knox v. Town of Southeast*, 599 Fed.Appx. 411, 414-15 (2d Cir. 2015); *Sloan v. United Tech. Corp.*, 596 Fed.Appx. 35, 36 (2d Cir. 2015). That is all the more true where the remarks, as here, are not even indicative of age discrimination in the first place. Telling an adult that she is not as intelligent as a child, while perhaps insulting, is not probative of age discrimination.[4] Likewise, saying that a person "should know better" at her age, far from attributing any deficiencies to the person's age, implies at most only a personal shortcoming on the part of the

---

[3]According to the Internet Movie Database, *Driving Miss Daisy* is the story of "[a]n old Jewish woman and her African-American chauffeur in the American South [who] have a relationship that grows and improves over the years." http://www.imdb.com/title/tt0097239/.

[4]While an entire television series, "Are You Smarter than a 5th Grader?," has been built around the perceived amusement value of watching adults being intellectually bested by children, that notion does not seem to carry with it any inherent animus against people over a certain age. Indeed, the appeal of such a show seems to be rooted in the presumption that well-educated adults *should* be "smarter than a 5th grader."
*See* http://www.fox.com/are-you-smarter-than-a-fifth-grader.

listener, as compared to other people her age. And any connection between Terrana's "Ms. Daisy" remark and plaintiff's age is so attenuated as to add nothing to plaintiff's claims here.

Aside from those alleged comments, plaintiff's claims are built mostly on her allegation that defendants were aware when they hired her of the extent of plaintiff's computer-related qualifications and experience. The suggestion appears to be that plaintiff's limitations in that regard could have come as no surprise to defendants, and that–from plaintiff's perspective– "[t]here was no other explanation" for her termination than age discrimination. Dkt. #42-3 at 3 ¶ 11.

At least equally significant, however, Terrana, who made the recommendation to terminate plaintiff's employment, and who is the focus of plaintiff's allegations in this case, was also instrumental in the decision to hire plaintiff, about a year before her termination. The Second Circuit has stated that "where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997). The court has stated that "this remains a highly relevant factor in adjudicating a motion for summary judgment on an ADEA claim." *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000).

Plaintiff alleges that soon after she took the position at the School of Nursing, she happened to mention her son's age to Terrana, "which revealed that [plaintiff] was several years older than [Terrana] thought." Dkt. #42-3 at 2 ¶ 9(a). Plaintiff alleges that "[f]rom that point forward, [Terrana] constantly mentioned [plaintiff's] age in a negative way." *Id.* The apparent implication is that when Terrana discovered that plaintiff was older than Terrana had thought, she suddenly took a dislike to her.

Aside from the fact that plaintiff has not alleged any specific instances in which Terrana "mentioned [her] age in a negative way," this is simply too slim a reed on which to base a claim of age discrimination. A jury would have to pile inference on inference, and engage in sheer speculation, to make the inferential leap from an offhand reference to the age of plaintiff's son to plaintiff's termination a year later. Particularly in light of plaintiff's admitted shortcomings where her computer skills are concerned, which was the primary reason given for her termination at the end

of her one-year probationary period, this allegation is not enough to defeat defendants' well-founded motion for summary judgment.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #38) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 6, 2015.